UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN ESRICK, and KIKI ESRICK,

      Plaintiffs,

v.                Case No.  5:08-cv-50-Oc-10GRJ

DENNIS MITCHELL, KIM BURNETTE a/k/a
Kim Burnette Mitchell, KIMBERDEN FARM,
INC., a Florida corporation, and MICHAEL D.
LOKAI,

      Defendants.
_____

## ORDER

Pending before the Court are Plaintiffs' Motion for Sanctions Against Defendants Dennis Mitchell, Kim Burnette a/k/a Kim Burnette Mitchell, and Kimberden Farm, Inc. (Doc. 25) to which Defendants have filed a Response in Opposition (Doc. 26) and Plaintiffs' Motion for Leave to File a Reply to Defendants' Response to Plaintiffs' Motion for Sanctions and Incorporated Memorandum of Law. (Doc. 31.) For the reasons discussed below, both motions are due to be **DENIED**.

Plaintiffs request the Court to impose sanctions against Defendants pursuant to Rule 37(c) of the Federal Rules of Civil Procedure[1] for Defendants' failure to serve initial disclosures as required under Rule 26(a) by the deadline imposed by the Case Management and Scheduling Order.[2]

---

[1] Rule 37(c) provides in relevant part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . .the party is [subject to one or more sanctions] . . . unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1).

[2] (Doc. 19.) The Order adopts the deadline as proposed by the parties in their Case Management Report.

With respect to Plaintiffs' Motion for Sanctions, Plaintiffs request the Court to sanction Defendants by: "striking Defendants' answer and affirmative defenses, rendering a default judgment against Defendants in this cause, directing Defendants to pay reasonable expenses, including attorneys' fees, caused by their failure to comply with discovery obligations, and for any further relief the Court deems proper." (Doc. 25.)

In response, Defendants admit that they were late in making their Rule 26(a) initial disclosures due to inadvertence on the part of their counsel. However, Defendants advise that Plaintiffs' Motion for Sanctions was the first "communication" they received from Plaintiffs regarding their failure to serve Rule 26(a) disclosures. Indeed, conspicuously absent from Plaintiffs's motion is a certification that Plaintiffs conferred with Defendants in a good faith effort to resolve this matter without the Court's involvement prior to bringing the instant motion as required by both Rule 37(a)(1) of the Federal Rules of Civil Procedure[3] and Local Rule 3.01(g).[4] Although Plaintiffs purport to seek relief pursuant to Rule 37(c), the proper mechanism for a party to seek sanctions for another party's failure to make a disclosure required by Rule 26(a) is via a motion to compel pursuant to Rule 37(a)(3)(A).[5] Accordingly, Plaintiffs were required—under *both*

---

[3] Rule 37(a)(1) provides that, "a party may move for an order compelling disclosure . . . [However], [t]he motion must include certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure . . . in an effort to obtain it without court action."

[4] Local Rule 3.01(g) essentially mirrors Rule 37(a)(1) of the Federal Rules of Civil Procedure and provides in relevant part, "[b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

[5] Barron v. Federal Reserve Bank of Atlanta, 129 Fed. Appx. 512, 519 (11th Cir. 2005); *see also* Whetstone Candy Co. v. Nestle USA, Inc., No. 3:01-cv-415-J-25HTS, 2003 WL 25686830, at *3 (M.D. Fla. June 2, 2003) ("The main purpose underlying the sanctions in Rule 37(c)(1) is to 'prevent[] surprise and prejudice to the opposing party.'" (quoting States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003))).

the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida—to confer with Defendants in a good faith effort to obtain the Defendants' initial disclosures *prior to* filing the instant motion. Plaintiffs failed to do so. Failure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party.[6]

Plaintiffs' request for sanctions against the Defendants is further diminished by the fact that Plaintiffs cannot demonstrate that they have suffered any prejudice as a result of the Defendants' delay in serving their initial disclosures. Defendants advise that, immediately upon receiving a copy of Plaintiffs' Motion for Sanctions, they took measures to correct their mistake. The day after Plaintiffs filed their Motion for Sanctions, Defendants wrote a letter to all parties with the Defendants' Rule 26(a) initial disclosures. (Doc. 26 pp. 7-8.) In the letter, Defendants offered to agree to an extension of any deadlines which may have been impacted by their failure to make the disclosures sooner, and in fact, the parties subsequently filed a joint stipulated motion requesting the Court to extend most of the case management deadlines and to continue trial.[7]

---

[6] *See, e.g.*, In re Lentek Int'l, Inc., No. 6:03-bk-08035, 2006 WL 2787064 (M.D. Fla. Sept. 12, 2006) (motion to compel denied where the moving party failed to comply with certification requirement of Rule 37); Morell v. Allstate Ins. Co., No. 1:06-cv-2631-RWS, 2008 WL 1766954, at *1 (N.D. Ga. Apr. 14, 2008) (same); Morroni v. Gunderson, 169 F.R.D. 168, 172 (M.D. Fla. 1996) (motion for sanctions denied partly due to moving party's failure to comply with Local Rule 3.01(g) because the nonmoving party "should have been presented with the opportunity to resolve the issues raised by the motion"); Broughton v. City of Jacksonville, No. 3:06-cv-234-J-32MCR, 2007 WL 2964174 (M.D. Fla. Oct. 10, 2007) (motion to compel denied because moving party failed to comply with Local Rule 3.01(g)); Bell v. Bray & Gillespie, LLC, No. 6:05-cv-355-ORL-19JG, 2006 WL 923741, at *3 (M.D. Fla. Apr. 10, 2006) (motion denied partly due to moving party's failure to comply with Local Rule 3.01(g)).

[7] According to the parties, they requested the extensions because "[t]he parties have determined that they cannot adequately complete the discovery by [November 15, 2008] and currently depositions are
(continued...)

Thus, the subsequent extension of the discovery deadline to February 2, 2009 has essentially eliminated any prejudice to Plaintiffs which may have resulted from Defendants' delay in providing their initial disclosures.

Accordingly, for these reasons, Plaintiffs' Motion for Sanctions Against Defendants Dennis Mitchell, Kim Burnette a/k/a Kim Burnette Mitchell, and Kimberden Farm, Inc. (Doc. 25) is due to be **DENIED**.[8]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 3, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[7](...continued)
scheduled or anticipated to be taken in Colorado, Florida and Canada past that date." (Doc. 27.)

[8] With respect to Plaintiffs' Motion for Leave to File a Reply to Defendants' Response to Plaintiffs' Motion for Sanctions (Doc. 31), Plaintiffs' vague reference to nonspecific events and dealings with Defendants' counsel—all of which allegedly transpired *after* Plaintiffs filed their Motion for Sanctions—does not provide the Court with a sufficient explanation as to how additional briefing would assist the Court in its resolution of the Plaintiffs' Motion for Sanctions. Accordingly, Plaintiffs' Motion for Leave to File a Reply to Defendants' Response to Plaintiffs' Motion for Sanctions (Doc. 31) is due to be **DENIED**.