UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN ESRICK, and KIKI ESRICK,

           Plaintiffs,

v.                                                  Case No.  5:08-cv-50-Oc-10GRJ

DENNIS MITCHELL, KIM BURNETTE a/k/a
Kim Burnette Mitchell, KIMBERDEN FARM,
INC., a Florida corporation, and MICHAEL D.
LOKAI,

           Defendants.
_____

**ORDER**

Pending before the Court is Defendant, Michael D. Lokai's Motion to Compel Discovery, Motion for Attorney's Fees and Costs, and Memorandum of Law (Doc. 23) to which the Plaintiffs have filed a Response in Opposition. (Doc. 24.) For the reasons discussed below, Defendant, Michael D. Lokai's Motion to Compel Discovery, Motion for Attorney's Fees and Costs is due to be **DENIED**.

Defendant, Michael D. Lokai requests the Court to enter an Order compelling Plaintiffs to provide answers to interrogatories and responses to document requests served on July 2, 2008. Defendant also requests an award of reasonable expenses, including attorney's fees, incurred in bringing the instant motion.

In support of his motion, Defendant represents that while Plaintiffs served responses to Defendants's First Request for Production and First Set of Interrogatories in August 2008, Plaintiffs' responses were inadequate as to Requests for Production

numbered 1, 2, 4, 5, 6, 7, and 8; and as to each of Plaintiff's respective answers to Interrogatories numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13.

In response, Plaintiffs argue that Defendant's motion should be denied because Plaintiffs complied with their discovery obligations and also because Defendant failed to comply with the procedural good faith requirement. According to Plaintiffs, the Defendant's only attempt to resolve the discovery dispute consisted of a letter sent to Plaintiffs' counsel on or about September 24, 2008 advising Plaintiffs of the perceived inadequacies of Plaintiffs' responses to Defendant's discovery and imposing a unilateral deadline of ten days to respond. The letter stated "please consider this [Defendant's] good faith effort to resolve a discovery dispute without need for a motion." (*See* Doc. 24-2.)

Conspicuously absent from Defendant's motion is a certification that Defendant's counsel conferred with Plaintiffs' counsel in a good faith effort to resolve this matter without the Court's involvement prior to bringing the instant motion as required by both Rule 37(a)(1) of the Federal Rules of Civil Procedure[1] and Local Rule 3.01(g).[2] The requirement that the parties confer before filing a motion to compel means that the attorneys should discuss the matter in an effort to resolve the dispute, rather than simply writing a letter demanding compliance. Because the Court finds that a letter imposing a unilateral deadline is insufficient to constitute a good faith attempt to resolve

---

[1] Rule 37(a)(1) provides that, "a party may move for an order compelling . . . discovery. . . [However], [t]he motion must include certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make . . . discovery in an effort to obtain it without court action."

[2] Local Rule 3.01(g) essentially mirrors Rule 37(a)(1) of the Federal Rules of Civil Procedure and provides in relevant part, "[b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."

the discovery dispute the Court concludes that Defendant has failed to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g). Such failure constitutes sufficient grounds to deny the relief sought.[3]

Accordingly, for these reasons, Defendant, Michael D. Lokai's Motion to Compel Discovery, Motion for Attorney's Fees and Costs (Doc. 23) is due to be **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 8, 2008.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[3] *See, e.g.*, In re Lentek Int'l, Inc., No. 6:03-bk-08035, 2006 WL 2787064 (M.D. Fla. Sept. 12, 2006) (motion to compel denied where the moving party failed to comply with certification requirement of Rule 37); Morell v. Allstate Ins. Co., No. 1:06-cv-2631-RWS, 2008 WL 1766954, at *1 (N.D. Ga. Apr. 14, 2008) (same); Morroni v. Gunderson, 169 F.R.D. 168, 172 (M.D. Fla. 1996) (motion for sanctions denied partly due to moving party's failure to comply with Local Rule 3.01(g) because the nonmoving party "should have been presented with the opportunity to resolve the issues raised by the motion"); Broughton v. City of Jacksonville, No. 3:06-cv-234-J-32MCR, 2007 WL 2964174 (M.D. Fla. Oct. 10, 2007) (motion to compel denied because moving party failed to comply with Local Rule 3.01(g)); Bell v. Bray & Gillespie, LLC, No. 6:05-cv-355-ORL-19JG, 2006 WL 923741, at *3 (M.D. Fla. Apr. 10, 2006) (motion denied partly due to moving party's failure to comply with Local Rule 3.01(g)).